

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00226-CV

IN THE INTEREST OF T.W., A CHILD

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 86,674-D, Honorable Carry Baker, Presiding

September 20, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

This is an appeal from an order terminating the parental rights of T.A. (mother) and N.W. (father) to their biological child T.W. Both parents appealed. Counsel for T.A. filed an *Ander's*[1] brief and motion to withdraw, contending that the appeal was meritless. N.W. argued that the evidence was insufficient to support the termination of his rights. We address both appeals in this one opinion, beginning with that of T.A. We also affirm the termination order.

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

### T.A.'s Appeal

As previously mentioned, counsel for T.A. filed an *Ander's* brief accompanied by a motion to withdraw. In the brief, she certified that the record was diligently searched and that the appeal was without merit. She also attached a copy of a letter sent to T.A. informing her of her right to file a *pro se* response and provided her client a copy of the appellate record. By letter dated July 14, 2016, this court also notified appellant of her right to file her own brief or response by August 3, 2016, if she wished to do so. T.A. filed a response wherein she claimed the evidence was false and she should be entitled to have her child returned to her.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal which included the sufficiency of the evidence to support the statutory grounds cited by the trial court for termination and whether termination was in the best interests of the child. Counsel then explained that the termination was supported by sufficient evidence.

Per our obligation described in *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied) (*citing Bledsoe v. State,* 178 S.W.3d 824, 827 (Tex. Crim. App. 2005)), we too reviewed the appellate record in search of arguable issues for appeal. So too did we assess T.A.'s response. Yet, no arguable issue was found. Thus, we concur with counsel's representation that T.A.'s appeal is meritless due to the absence of reversible error.

### N.W.'s Appeal

Also as previously mentioned, N.W. questioned the legal and factual sufficiency of the evidence underlying the trial court's finding of two statutory grounds to terminate

the parent/child relationship.[2]  The two grounds appear in Texas Family Code § 161.001(b)(1)(O) & (Q).  We affirm.

The pertinent standard of review is that discussed in *In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).  We apply it here.

Next, we need not address whether the evidence is sufficient to support both statutory grounds found by the trial court.  One ground is enough to support its decision.  The ground we consider is § 161.001(b)(1)(Q).  It permits termination if the parent knowingly engaged in criminal conduct that has resulted in the parent's conviction of an offense, imprisonment, and inability to care for the child for not less than two years from the date on which the petition to terminate was filed.  Tex. Fam. Code Ann. § 161.001(b)(Q) (West Supp. 2016).  Terminating on that ground requires proof of both incarceration and inability to care for the child for at least two years.  *In re H.R.M.*, 209 S.W.3d 105, 109-10 (Tex. 2006) (per curiam).  The two year period begins with the date on which the petition to terminate was filed.  *Id.* at 110.  Furthermore, the obligation to provide care is not illustrated simply by proof that the child is being cared for by another parent, relative, or friend.  Rather, there must be proof of an expressed agreement between that person and the parent whose rights are subject to termination whereby the former agreed to care for the child on behalf of the latter.  *Id.*

Finally, evidence regarding the availability of parole may be relevant to the decision whether the parent cannot fulfill the obligation to support for two years.  *Id.* at 109.  Yet, the mere introduction of "parole-related" evidence does not preclude a factfinder from forming a firm conviction or belief that the parent will remain incarcerated

---

[2] N.W. did not question the finding that termination was in the child's best interests.

for at least two years.  *Id.*  This is so because decisions related to parole are inherently speculative.  *Id.*

The record at bar contains evidence that N.W. voluntarily committed an offense that resulted in a prison sentence.[3]  That prison sentence expires in August of 2017. The petition to terminate was filed in February of 2015, or two years before August, 2017.  While it appears that he will undergo another parole hearing in January of 2017, other evidence illustrates that parole has been denied him twice already.  So, his release from prison by February of 2017 is speculative.  As for the care of the child, T.W. has been in the care of third parties since termination proceedings began in February 2015.  Yet, no evidence appears of record indicating that those third parties expressly agreed to care for the child on behalf of N.W.  Simply put, the record contains evidence upon which a factfinder could reasonably form a firm conviction or belief that N.W. engaged in and was convicted of criminal conduct resulting in his imprisonment and inability to care for T.W. for not less than two years from the date of filing the petition.

Accordingly, the order of termination is affirmed.  However, we deny the motion to withdraw filed by T.A.  *See In re P.M.*, __ S.W.3d __, 2016 Tex. LEXIS 236, at *7-8 (Tex. 2016) (per curiam) (holding that 1) the right to appointed counsel under § 107.013(a)(1) of the Family Code includes the exhaustion of appellate remedies through the Texas Supreme Court, 2) counsel's belief that his client has no grounds to seek further review is not alone good cause to permit counsel's withdrawal, and 3)

---

[3] N.W. is currently incarcerated on four different charges involving 1) an assault of a public servant, 2) harassment of a public servant, 3) theft of property above $1,500 below $20,000, and 4) a probation violation concerning felony criminal mischief.

appointed counsel's obligations can be satisfied by filing a petition for review with the Supreme Court comporting with Anders).

Per Curiam